```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JOHN LEONE, et al., | : | Civil A. No. 08-1043(NLH)(JS) |
| Plaintiffs, | : | |
| v. | : | **ORDER** |
| JOHN PORTER, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

William H. Buckman, Esquire
110 Marter Avenue
Suite 209
Moorestown, NJ 08057

    *Attorney for Plaintiffs*

David Peter Karamessinis, Esquire
Francis R. Gartner & Associates
1500 Market Street
Suite 2920
Philadelphia, PA 19102

    *Attorney for Defendant John Porter*

**HILLMAN**, District Judge

    This matter having come before the Court on plaintiffs' motion for reconsideration of the Court's August 18, 2008 Order dismissing plaintiffs' claims against defendant John Porter, or in the alternative, for leave to file an amended complaint; and

    The Court having dismissed plaintiffs' claims pursuant to Federal Civil Procedure Rule 12(b)(6) because even though plaintiffs named Porter in the complaint, plaintiffs had not made

any allegations against him or otherwise stated how he committed the alleged violations against plaintiffs, and without any specific allegations lodged against Porter, he did not have fair notice of what plaintiffs' claims were against him; and

The Court having also noted that plaintiffs did not oppose Porter's motion; but

On September 8, 2008, plaintiffs having filed their motion for reconsideration, requesting that the Court reconsider its dismissal and permit plaintiffs to file an amended complaint to assert substantive claims against Porter; and

Porter having opposed plaintiffs' motion; and

The Court noting that Local Civil Rule 7.1(i) governs a motion for reconsideration, and it provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge"; and

Plaintiffs having not filed their motion for reconsideration within 10 business days after the entry of the Court's Order, and, therefore, it must be denied as untimely; but

Plaintiffs having also requested leave to file an amended complaint; and

The Court noting that amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires," Fed. R.

Civ. P. 15(a)(2), and that the Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities, Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989), and that an amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); and

Porter arguing that the Court should not consider plaintiffs' request to amend because his motion to dismiss went unopposed, and plaintiffs filed their motion for reconsideration late; but

The Court further noting that Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile," Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); and

The Court noting that Porter has not specifically articulated how the filing of the amended complaint would be inequitable or futile; but

The Court also noting, however, that the passage of time and developments in the case since the filing of plaintiffs' motion may alter Porter's arguments, as well as plaintiffs' proposed amendments;

Therefore,

**IT IS HEREBY** on this 29th day of April, 2009

**ORDERED** that plaintiffs' motion for reconsideration and/or to file an amended complaint [32] is **DENIED without prejudice** to plaintiffs' right to refile a motion for leave to file an amended complaint pursuant to Federal Civil Procedure Rule 15 and in accordance with Federal Civil Procedure Rule 11.

s/ Noel L. Hillman

At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

4