UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN LEONE, JOHN GILLESPIE,    :    Civ. A. No. 08-1043 (NLH)(JS)
TIMOTHY PARKS and              :
BRIAN GREEN,                   :
                               :
        Plaintiffs,            :
                               :
     v.                        :    **OPINION**
                               :
TOWNSHIP OF DEPTFORD,          :
JOHN MAROLT, DANIEL MURPHY,    :
and JOHN WEATHERBY,            :
                               :
        Defendants.            :

**APPEARANCES:**

William H. Buckman, Esquire
110 Marter Avenue
Suite 209
Moorestown, NJ 08057

     *Attorney for plaintiffs*

A. Michael Barker, Esquire
Barker, Scott & Gelfand, PC
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221

     *Attorney for defendant Township of Deptford*

Michael Paul Madden, Esquire
Timothy R. Bieg, Esquire
Madden & Madden, PA
108 Kings Highway East
Suite 200
PO Box 210
Haddonfield, NJ 08033-0389

     *Attorney for defendant John Marolt*

Colleen M. Ready, Esquire
Margolis Edelstein
Suite 200
PO Box 2222
Westmont, NJ 08108

*Attorney for defendant Daniel Murphy*

Michael E. Heston, Esquire
Capehart & Scatchard
8000 Midlantic Drive
Suite 300
Mount Laurel, NJ 08054

*Attorney for defendant John Weatherby*

**HILLMAN**, District Judge

This matter has come before the Court on defendant Township of Deptford's and defendant John Weatherby's motions for reconsideration of the Court's April 29, 2009 Opinion granting in part and denying in part their motions for judgment on the pleadings. Defendant Daniel Murphy has joined in the Township's motion. Plaintiffs have opposed defendants' motions. For the reasons expressed below, defendants' motions will be denied.

<u>**BACKGROUND**</u>

This case involves the claims of Deptford Township police officers who were indicted for allegations of excessive force and for failing to report or properly supervise the incident, as well as claims of another officer who was allegedly retaliated against for his testimony in support of those officers. Plaintiffs claim, among other things, that the criminal charges against them were "bogus" and lacking in probable cause, and that defendants fostered an environment of harassment and a favored "A team" and disfavored "B team." Plaintiffs claim that defendants' actions violated their constitutional rights, as well as the Contentious

2

Employee Protection Act (CEPA).

Previously, defendants had moved for judgment on the pleadings on all claims by plaintiffs John Gillespie, Timothy Parks, and Brian Green.[1]  In the Court's April 29, 2009 Opinion, the Court granted judgment in defendants' favor as to Counts One and Four, but denied their motion with regard to plaintiff John Gillespie's CEPA claim, Count Three.  The Court also noted that defendants did not move for judgment on Count Two.  The Township, joined by defendants John Murphy and John Weatherby, each seek reconsideration of the Court's denial of judgment in their favor on Gillespie's CEPA claim, and contend that the Township did move for judgment on Count Two, which should be granted in its favor. Plaintiffs have opposed defendants' motions.

## DISCUSSION

**A.    Standard for Motion for Reconsideration**

Local Civil Rule 7.1(i) governs a motion for reconsideration.  It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be

---

[1]Defendants did not move for judgment on plaintiff John Leone's claims against them.

3

filed with the Notice of Motion."  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Id.  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

B.  **Analysis**

1.  ***Defendants' motion with regard to Count Two***

The Township contends that the Court improperly noted that

4

it did not move for judgment in its favor on Count Two in plaintiffs' complaint.  In Count Two, brought pursuant to 42 U.S.C. § 1983, plaintiffs allege that the Township and defendant John Marolt[2] were deliberately indifferent to the harassment of plaintiffs and to the existence of the "A" and "B" team mentality, and they failed to properly supervise and train the individual defendants.[3]  The Court did not address this claim, because defendants did not specifically move for judgment on this claim.  In their motion for reconsideration, the Township, Murphy and Weatherby argue that the Township did move to dismiss Count Two.[4]  Defendants' argument is unavailing.

To support its contention that it moved for judgment as to Count Two, the Township points to the first section in its brief

_____

[2]Marolt joined in the Township's original motion, but he is not moving for reconsideration.

[3]As the Court noted in its prior Opinion, plaintiffs have also advanced claims pursuant to the New Jersey Constitution, but plaintiffs have not specified which provisions of the New Jersey Constitution.  (Compl. Counts 4 and 6.)  The Court points out that "a claimed violation of rights protected by the New Jersey Constitution may be alleged in terms of respondeat superior liability, regardless of the corollary prohibition on such a theory of liability in a case claiming a violation of federal constitutional rights."  Gibson v. Superintendent of New Jersey Dept. of Law & Public Safety-Division of State Police, 2009 WL 900854, *4  (D.N.J. March 31, 2009) (RBK).  It does not appear, however, that plaintiffs are advancing their "failure to supervise; deliberate indifference" claim pursuant to the New Jersey Constitution.

[4]It is unclear why Murphy and Weatherby are joining in the Township's motion, as Count Two is not directed at Murphy or Weatherby.

that discussed generally the proposition that no liability could attach to the Township for any of plaintiffs' claims if there are no surviving § 1983 claims.  (<u>See</u> Docket No. 36-2 at 5-6.)  The Township argued that if its employees--defendant officers--did not violate plaintiffs' constitutional rights, then it cannot be held liable for those damages, citing to, *inter alia*, <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986) and <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225 (3d Cir. 2006).

The Township's statement of that proposition is correct, as it as been long held that a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue--*respondeat superior* or vicarious liability will not attach under § 1983.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978).  Indeed, even in the absence of <u>Monell</u>, a municipality, as an employer, cannot be liable for the actions of one of its employees if it is found that the employee did not commit any violation.  <u>See</u> <u>Wright v. State</u>, 778 A.2d 443, 436 (N.J. 2001) (stating that the common law doctrine of *respondeat superior* provides that an employer or principal is liable for his employee's or agent's wrongful acts committed within the scope of the employment or agency relationship); <u>Hill</u>, 455 F.3d at 245 (dismissing against the borough the plaintiff's claims of deprivation of a property right without due process, violation of substantive due process rights

6

and violation of equal protection rights because those claims were dismissed against the mayor); see also Heller, 475 U.S. at 799 (stating that neither Monell "nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm").

The Township's statement of that proposition, however, was not clearly directed at Count Two.  It is the obligation of the moving party to prove that it is entitled to judgment in its favor.  See Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).  Nowhere in the Township's brief did it discuss the elements of a failure to train claim and demonstrate that this direct claim against the Township--rather than any Monell-prohibited derivative claim--was deficient.[5]

---

[5]On page 7, note 5 in the April 29, 2009 Opinion, the Court acknowledged the Township's argument presented in the first part of its brief, and recognized that because none of the constitutional violation claims advanced against the individual defendants survived, the Court did not need to address whether the Township had any liability for those claims.  Although not explicitly stated, the Court was referring to plaintiffs' claims brought pursuant to 42 U.S.C. § 1983, and upon which defendants had moved for judgment: malicious prosecution in violation of their First and Fourth Amendment rights, denial of due process in violation of their Fourteenth Amendment rights, denial of access to a fair trial, the courts and counsel in violation of their Sixth Amendment rights, and violation of their equal protection rights.  As noted in the Opinion, the Court was aware that Count Two remained viable against the Township and Marolt because

In order to bring a claim of failure to train, a plaintiff must: "(1) identify the deficiency; (2) prove that the deficiency caused the alleged constitutional violation; and (3) prove that the failure to remedy the deficiency reflected deliberate indifference on the part of the municipality." Malignaggi v. County of Gloucester, 855 F. Supp. 74, 77 (D.N.J. 1994) (citing Canton, 489 U.S. at 391; Colburn v. Upper Darby Township, 946 F.2d 1017 (3d Cir. 1991)).  Although not specifically directed at Count Two, the Township's argument that the lack of any constitutional violations causes plaintiffs' failure to train claim to fail appears to be applicable, since an element of such a claim is the existence of a resulting constitutional violation. However, considering that plaintiffs are currently moving to amend their complaint to re-plead their constitutional violation claims, the Court is reluctant to dismiss plaintiffs' failure to train claim on the present record.  The Township is directed to file a motion specifically addressing Count Two following the resolution of plaintiffs' motion to amend, should it so desire.[6]

_____

neither party moved for judgment in its favor on that claim. (April 29, 2009 Opinion at 4 n.3; 23 n.12.)

[6]Leone also asserts the failure to train claim in Count Two. Thus, even if the Court were to dismiss Count Two, it would only be dismissed as to the other plaintiffs, and Count Two would remain as Leone's claim against the Township and Marolt.

2.   *Defendants' motion with regard to Gillespie's CEPA
      claim*

The Township, along with Murphy and Weatherby, challenge the
Court's finding that plaintiff Gillespie pleaded a viable CEPA
claim.  Specifically, the defendants take issue with the finding
that Gillespie's four-day suspension was an adverse employment
action.  The Court cited to Beasley v. Passaic County, 873 A.2d
673, 685 (N.J. Super. App. Div. 2005), which succinctly stated
that suspensions without pay are considered an adverse employment
action.  See Beasley, 873 A.2d at 685 ("Besides discharges,
suspensions, and demotions, which clearly affect an employer's
compensation and sometimes job rank, CEPA retaliation also
includes 'other adverse employment action' taken against the
employee's 'terms and conditions of employment'" (citations
omitted)).  Defendants challenge this holding, because Beasley
also instructed, "Where the affected party does not deny
committing an infraction that resulted in discipline, the
discipline cannot be considered 'proscribed reprisal.'  When
plaintiffs are afforded a hearing and represented by counsel,
plaintiffs 'cannot claim that ... substantiated disciplinary
charges and resulting brief suspensions from work [are]
retaliatory.' It would require a strong showing to 'transmute [a]
defense to the disciplinary charges into an affirmative CEPA
claim.'"  Id. (internal citations omitted).

9

The Township contends that because Gillespie did not deny committing the offense for which he received the suspension, he does not contend that he was not afforded a hearing and representation by counsel, and he does not say that the suspension was unwarranted, his CEPA claim fails because he did commit the offense, he was afforded a hearing, and the suspension was warranted.  Further, the Township states "all of the parties are aware that Plaintiff cannot amend his Complaint to allege that he was not guilty of the charge for which he received the four day suspension without violating F.R.C.P. 11 because Gillespie pled guilty to the administrative charge."  (Br. at 8.)

The Township's argument is misplaced.  First, as set forth in the Court's prior Opinion, in order to prevail on a claim under CEPA, a plaintiff must demonstrate: 1) he reasonably believed that his employer's conduct was violating a law, rule, or regulation promulgated pursuant to law; 2) he performed a whistle-blowing activity described in N.J. Stat. Ann. § 34:19-3(c); 3) an adverse employment action was taken against him; and 4) a causal connection exists between the whistle-blowing activity and the adverse employment action.  Dzwonar v. McDevitt, 828 A.2d 893, 900 (N.J. 2003) (citations omitted).  Pleading a prima facie case does not also require a recitation by the plaintiff that he did not commit an offense implicating the adverse employment action, that he was not afforded a hearing,

10

and that the suspension was not warranted.  Rather, these
elements appear to be affirmative defenses to a prima facie CEPA
claim, which cannot be considered on a Rule 12(c) motion.  <u>See</u>
<u>N'Jie v. Cheung</u>, 2009 WL 2151901, *4 (D.N.J. July 14, 2009)
(stating that the merits of affirmative defenses are appropriate
for consideration on a motion for summary judgment, not for
examining whether the pleadings adequately state a valid claim
for relief).

     Second, when deciding a motion pursuant to Rule 12(c), the
Court is constrained to only consider the facts alleged in the
pleadings, the documents attached thereto as exhibits, and
matters of judicial notice.  <u>Southern Cross Overseas Agencies,</u>
<u>Inc. v. Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426 (3d Cir.
1999); <u>Turbe v. Gov't of V.I.</u>, 938 F.2d 427, 428 (3d Cir. 1991)
(stating that in analyzing a Rule 12(c) motion, a court applies
the same legal standards as applicable to a motion filed pursuant
to Rule 12(b)(6)).  Based on the face of Gillespie's complaint,
without consideration of what the moving party may consider
uncontested facts, Gillespie pleaded a proper CEPA claim.

     If the Township or other defendants wish to challenge the
substance of Gillespie's CEPA claim beyond what is contained in
his complaint, they are free to do so in accordance with Federal
Civil Procedure Rule 56, which permits the Court to consider, in
addition to the complaint, "depositions, answers to

11

interrogatories, admissions on file, . . . and affidavits."
Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ.
P. 56(c).  Further, if defendants believe that Gillespie filed
his claim in violation of Rule 11, defendants may follow the
guidelines of that Rule in challenging this claim on that basis.
As it stands now, the Court cannot rely upon the defendants'
representation of what may or may not be disputed facts to negate
the pleadings contained in Gillespie's complaint.  Accordingly,
defendants' motions for reconsideration on this issue must be
denied.  This denial is without prejudice to any future motion
addressing the same issue, procedurally proper and adequately
supported.

## CONCLUSION

For the reasons expressed above, defendants' motions for
reconsideration are denied.  An appropriate Order will be
entered.[7]


Date: September 3, 2009            s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.
_____

[7]As noted in the Court's April 29, 2009 Opinion, the claims
that remain are Count Two (asserted by all plaintiffs), Count
Three (asserted by plaintiffs Leone and Gillespie), and Counts
Five and Six (asserted by plaintiff Leone).  Further, as also
stated in the Opinion, the ruling on plaintiffs' Fourth Amendment
malicious prosecution claim was without prejudice to plaintiffs'
right to amend their complaint to reassert such a claim if they
can do so consistent with Rules 8 and 11.